UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA MCEWEN, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>AMANDA BENEDICT, et al.,<br><br>        Defendants. | Case No.: 3:20-cv-2364-CAB-LL<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES**<br><br>[Doc. No. 70] |

On August 18, 2021, Defendants Shoot for the Moon Sales Consultants, LLC, and Dennis Conklin, individually, as trustee of Shoot for the Moon DBPP ("Defendants") filed a motion for attorneys' fees pursuant to contractual prevailing party fee provisions. [Doc. No. 70.] On September 3, 2021, Plaintiffs Carla McEwen and Daniel Buzahar ("Plaintiffs") filed an opposition. [Doc. No. 78.] On September 10, 2021, Defendants filed a reply. [Doc. No. 79.] For the reasons set forth below, the motion for attorneys' fees is **DENIED**.

**PROCEDURAL HISTORY**

In 2017, Plaintiffs obtained a loan from SFTM for $100,000 (the "2017 Note"). [Doc. 45, First Amended Complaint ("FAC"), ¶ 28.] The 2017 Note was secured by a deed of trust (the "2017 Deed of Trust"). [FAC, ¶ 29.] Plaintiffs paid the 2017 Note in

October 2018. [FAC, ¶ 32.] In April 2019, McEwen obtained a loan for $15,000 through a promissory note from SFTM (the "2019 Note"). [FAC, ¶ 38, 40.] Plaintiff also signed a deed of trust in favor of SFTM securing the 2019 Note (the "2019 Deed of Trust"). [FAC, ¶ 40.]

McEwen defaulted on the 2019 Note in July 2019. About a year later, after Plaintiff's failure to pay the monies owed on the 2019 Note, SFTM retained counsel to enforce the 2019 Note and the 2019 Deed of Trust. [FAC, ¶ 44.] Following failed attempts to negotiate the repayment of the 2019 Note, Defendants initiated nonjudicial foreclosure proceedings. [FAC, ¶ 45.]

On December 3, 2020, Plaintiffs filed the initial Complaint in this matter, alleging seventeen causes of action related to the 2017 Note and 2019 Note against nine separate defendants. [Doc. 1.] Defendants filed a motion to dismiss pursuant to rule 12(b)(6), arguing Plaintiffs had failed to state claims for relief in their Complaint. [Doc. Nos. 15-17.] This Court granted the motions as to all three federal claims, allowing Plaintiff leave to amend the Complaint only with respect to a claim of rescission on the 2019 Note. [Doc. No. 44.] The Court also *sua sponte* declined to exercise supplemental jurisdiction over the fourteen state law claims and dismissed the state law claims without prejudice to being refiled in state court. [Doc. No. 44 at 8-10.]

Plaintiffs filed the FAC on May 14, 2021. The FAC alleged the same three federal causes of action against all defendants. [Doc. 45, FAC.] At approximately the same time, on May 25, 2021, Plaintiffs filed an action in California Superior Court asserting their state law claims which had been dismissed without prejudice from this action. [Doc. No. 51 at 3-4.; *see McEwen v. Benedict*, San Diego Superior Court Case No. 37-2021-00023198-CV-FR-NC.]

On May 28, 2021, Defendants filed a motion to dismiss the FAC in this action. [Doc. No. 49.] On June 21, 2021, Plaintiffs filed a motion to dismiss the entire action without prejudice. [Doc. 51.] On July 27, 2021, after hearing argument, the Court dismissed the three federal claims with prejudice and confirmed that the ruling would not

prejudice Plaintiff's ongoing state law claims pending in state court. [Doc. Nos. 69, 72 at 7.]

### DISCUSSION

Defendants argue they are entitled to a contractual award of attorneys' fees under the 2017 and 2019 Notes as prevailing parties because the federal claims in this action were dismissed with prejudice. [Doc. No. 70-1 at 4-7.]

Generally, attorney's fees authorized by contract are allowable as costs under California Civil Code section 1717. In an action to enforce a contract that authorizes an award of attorney's fees and costs to either party, the "party prevailing on the contract" is entitled to "reasonable attorney's fees in addition to other costs." *See* Cal. Civ. Code § 1717(a). On a party's noticed motion for attorney's fees, the judge must determine which party is the party prevailing on the contract. Cal. Civ. Code § 1717(b)(1); *Regency Midland Constr., Inc. v Legendary Structures, Inc.*, 41 CA5th 994, 1000 (2019). The prevailing party for contractual attorney fees award purposes is the party who recovered greater relief in an action "on the contract." Cal. Civ. Code §1717(b)(1); *see Hsu v. Abbara*, 9 Cal. 4th 863 (1995).

To support their argument that they are the prevailing parties, Defendants cite to *Wells v. California Home Loan Solutions,* No. 07cv1040-J-AJB, 2007 WL 2915059 (S.D. Cal., Oct. 4, 2007), where a defendant was awarded attorneys' fees after the parties stipulated to a dismissal of the defendant with prejudice. However, in *Wells,* the plaintiff agreed to dismiss all the claims against the defendant. *Wells*, 2007 WL 2915059 at *1. Here, this Court dismissed the three federal claims with prejudice, but had earlier dismissed the fourteen state law claims (also based on the 2017 and 2019 Notes) without prejudice, and those claims are still pending in the state court.

Courts must find a prevailing party where one party succeeds <u>entirely</u> on her claims. *Hsu v. Abbara*, 9 Cal. 4th 863, 875-76 (1995). "[A] plaintiff who obtains all relief requested on the <u>only</u> contract claim in the action must be regarded as the party prevailing ... under section 1717." *Id. (emphasis added).* But most cases involve results

where opposing litigants could each claim some success in the litigation. *Id*. at 875. In such mixed outcome cases, courts may determine there is no prevailing party where an ostensibly prevailing party receives only part of the relief sought. *Id*. at 875-76 (*citation omitted*). In such cases, the court retains discretion in whether to find a prevailing party. *Id*. at 876. This is a fact-intensive inquiry: "the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." *Id*. "The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions." *Id*. (cleaned up).

Here, given that fourteen of the seventeen claims based upon the Notes are still pending in the state court, this Court is unable to "compare the relief awarded on the contract . . . claims with the parties' demands on those same claims." *Id*.  Accordingly, the Court cannot determine a prevailing party as this time as there has not been a final resolution on all the contract claims.

## CONCLUSION

For the reasons set forth above, the motion for attorneys' fees is **DENIED** without prejudice to being refiled in the state court action once there is a final resolution of all the pending claims that are based on the 2017 and 2019 Notes.

Dated:  September 30, 2021

Hon. Cathy Ann Bencivengo
United States District Judge